IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

KURT KOPEK,                    )
                               )
          Plaintiff,           )
                               )
     v.                        )    10 C 5593
                               )
CITY OF AURORA, et al.,        )
                               )
          Defendants.          )

MEMORANDUM OPINION AND ORDER

Counsel for plaintiff Kurt Kopek ("Kopek") have invoked the supplemental jurisdiction provision of 28 U.S.C. § 1367(a) to piggyback no fewer than seven state-law-based counts (Counts 6 through 12) onto five 42 U.S.C. § 1983 ("Section 1983") counts. In response, defendants City of Aurora ("Aurora") and three of its police officers have moved under Fed.R.Civ.P. ("Rule") 12(b)(6) to dismiss all of the state law counts on limitations grounds. For the reasons stated in this memorandum opinion and order, that motion is granted in part and denied in part.

With Kopek having filed suit on September 2, 2010 for conduct growing out of an allegedly false arrest on September 2, 2008, defendants' motion points to the one-year limitation period established by the Illinois Tort Immunity Act, 745 ILCS 10/8-101(a) as the predicate for dismissal. That might seem plausible enough on its face, but -- as is often the case with legal principles -- things are not as simple as they seem.

In this instance Kopek's counsel has responded in part by

acknowledging that two of the Complaint's theories of recovery -- assault and battery (Count 6) and false arrest (Count 7) -- are indeed vulnerable on limitations grounds.  But Kopek's responsive memorandum then goes on to demonstrate that is not the case as to the other state law claims, and so this opinion goes on to review those claims.

Count 8 sounds in malicious prosecution, and an essential ingredient of such a claim under Illinois law is the termination of a proceeding in favor of the plaintiff in a manner indicative of innocence (Ferguson v. City of Chicago, 213 Ill.2nd 94, 99, 820 N.E.2nd 455, 459 (2004)) -- in Kopek's case, the termination of the criminal proceedings brought against him.  With Kopek having received a not guilty verdict on May 12, 2010, the one-year limitation period clearly does not affect Count 8's theory of recovery, which therefore survives dismissal.

Next Count 10[1] claims the intentional infliction of emotional distress on Kopek.  Under Illinois law that is a "continuing tort" (Feltmeier v. Feltmeier, 277 Ill.2d 263, 285, 798 N.E.3d 75, 89 (2003)),so that the limitations clock does not begin to tick until "the last injurious act occurs or the conduct is abated" (id.).  And that being so, this Court's colleagues have consistently held that for any such claim involving conduct that gives rise to a claim of malicious prosecution, the

---

[1]Count 9 will be discussed a bit later.

termination of the state criminal proceedings marks the starting date for limitations purposes (see, e.g., Carroccia v. Anderson, 249 F. Supp. 2d 1016, 1028 (N.D. Ill. 2003) and cases cited there). Just as was true of Count 8, then, Count 10 survives dismissal.

To return to the previously-undiscussed Count 9, that charge of conspiracy is intertwined with the two substantive claims already discussed. That being so, the identical principles preserve that count from dismissal (see, e.g., Wolf v. City of Chi. Heights, 828 F. Supp. 520, 524 (N.D. Ill. 1993)) and the Illinois cases cited there). Again the motion to dismiss must be and is rejected as to that count as well.

That then leaves Counts 11 and 12, which respectively target Aurora on respondeat superior and indemnification theories (the former at common law, the latter pursuant to 747 ILCS 10/9/102). Hence they too remain in the case together with the underlying substantive counts.

All of this is plain enough, but it is supported as well by defendants' failure even to challenge what has been said on Kopek's part and has been accepted by this Court. It will be recalled that defendants' motion advanced only the limitations issue as a ground for dismissal. Yet when this Court's minute clerk inquired of defense counsel whether a reply would be forthcoming to Kopek's responsive memorandum (which had raised

all of the new issues discussed earlier in this opinion), the answer was "no." That can fairly be read as an acknowledgment that Kopek's responses that have been found persuasive by this Court are unanswerable.

## Conclusion

As stated at the outset, defendants' Rule 12(b)(6) motion is granted in limited part but denied in principal part. Complaint Counts 6 and 7 are dismissed, while Counts 8 through 12 are not.

_____
    Milton I. Shadur
    Senior United States District Judge

Date: November 22, 2010